**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| Lora Bicknell, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  2:19-cv-02417 |
| Financial Business and Consumer Solutions, Inc., d/b/a FBCS, Inc., a Pennsylvania corporation, and Midland Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Lora Bicknell, individually, and on behalf of all others similarly situated,

brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u>

("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA,

and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and c) the Defendants transact business here.

**PARTIES**

3.      Plaintiff, Lora Bicknell ("Bicknell"), is a citizen of the State of Kansas,

residing in the District of Kansas, from whom Defendants attempted to collect a

defaulted consumer debt, which was allegedly owed originally to Citibank (South

Dakota).

4.      Defendant, Financial Business and Consumer Solutions, Inc., d/b/a FBCS, Inc. ("FBCS"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.  Defendant FBCS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Kansas.  In fact, Defendant FBCS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate.  Defendant Midland operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Kansas.  In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.      Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.  Defendant Midland's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

## FACTUAL ALLEGATIONS

7.      Due to financial difficulties, Ms. Bicknell fell behind on paying her debts,

2

including one she owed for a Citibank account.  Sometime after that debt went into

default, Defendant FBCS sent Ms. Bicknell an initial form collection letter, dated October

1, 2018.  This collection letter stated:

*   *   *

> Our client, MIDLAND FUNDING LLC, has authorized us to accept 70% discount
> off your $1,271.40 outstanding balance to settle the account in full.  The
> complete details of your account are:
>
> Owner <                  MIDLAND FUNDING LLC
> Original Creditor <      CITIBANK (SOUTH DAKOTA), N.A.

*   *   *

A copy of Defendants' letter is attached as Exhibit A.

8.    Defendants' letter failed to explain what, if any, the difference was

between the "Owner", and "Original Creditor" and exactly who the creditor was to whom

the debt was owed. Thus, Defendants letter failed to state effectively the name of the

creditor to whom the debt is owed.

9.    Plaintiff is informed through counsel that Defendant Midland likely bought

the debt at issue after default. A simple statement that Midland was the current creditor

or the creditor to whom the debt was owed would have sufficed to identify effectively the

name of creditor to whom the debt was then owed.

10.    Violations of the FDCPA which would lead a consumer to alter his or her

course of action as to whether to pay a debt, or which would be a factor in the

consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827.

Moreover, the identification of the creditor to whom a debt is owed is such a factor

because, amongst other things, it is a factor for a consumer in determining whether an

attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825

F.3d 317, 324-325 (7th Cir. 2016). Defendants' letter confused Ms. Bicknell as to whom she then owed the Citibank debt.

11.     Moreover, Defendants letter further stated:

* * *

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, our Client will not sue you for it or report payment or non-payment of it to a credit bureau.

* * *

By stating that "our client will not" sue or credit report, rather than that Midland "cannot" sue or credit report, the letter implied that Midland still had the option to take those actions, and that it was simply choosing not to do so, <u>see</u>, Exhibit <u>A</u>. Additionally, the letter failed to state that FBCS could not sue or credit report the debt. Further by imploring that the debt be "settled" and that consumers would receive a "discount" implied that the debt was still enforceable and that there was an economic benefit to paying the debt when, in fact, payment of the debt provided no benefit.

12.     In fact, neither of the Defendants could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Kansas.

13.     In fact, neither of the Defendants could file a credit report regarding the debt at issue because no such report can be made once 7 years has passed from the date of last payment/statement.

14.     The failure of Defendants to disclose effectively that neither of them could sue is material. In Kansas collection agencies like FBCS can, and do, file collection lawsuits for their clients, and nationwide they also make credit reports for their clients. Thus, the lack of a proper disclosure would leave consumers, including Ms. Bicknell,

confused about the enforceability of the debt because they were left without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants that the debt needed to be paid.

15.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16.     Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Kalebaugh v. Berman & Rabin, P.A., 43 F.Supp. 3d 1215, 1220-1222 (D.Kan. 2014); Covington v. Franklin Collection Servs., 2016 U.S.Dist.LEXIS 103601 at [*5]-[*6] (D.Kan. 2016).

## COUNT I
## Violation Of § 1692g(a)(2)
## Failure To Effectively Identify The Current Creditor

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, Defendants had to provide Ms. Bicknell with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

19.     Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively the current creditor to whom the debt was owed, see, Janetos, 825 F.3d at 321-23; see also, Taylor v. Alltran Financial, 2018 U.S.Dist.LEXIS 159862 at [*6]-[*10](S.D. Ind. 2018); Long v. Fenton & McGarvey Law Firm, 223 F. Supp. 3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S. Dist.

LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions,  2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

20.    Defendants' violation of § 1692g of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive, Or Misleading Collection Actions**

21.    Plaintiff adopts and realleges ¶¶ 1-16.

22.    Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

23.    Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Holzman v. Malcolm S. Gerald, 920 F.3d 1264, 1270-1273 (11th Cir. 2019); Tatis v. Allied Interstate, 882 F.3d 422, 428-430 (3rd Cir. 2018); Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679, 687 (7th Cir. 2017), cert denied, 138 S.Ct 736 (U.S. 2018); Daugherty v. Convergent Outsourcing, 836 F.3d 507, 513 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393, 397 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010, 1020 (7th Cir. 2014).

24.    Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the

possibility that Midland could not sue on the debt, but rather that Midland had simply chosen not to sue; and, b) they did not state that FBCS could not sue to collect the debt. Thus, Defendants' form letter violates § 1692e of the FDCPA, including § 1692e(2)(A) and § 1692e(5).

25.     These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, see, Lox, 689 F.3d at 826.

26.     Defendants' violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

27.     Plaintiff adopts and realleges ¶¶ 1-16.

28.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

29.     Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Midland could not sue on the debt, but rather that Midland had simply chosen not to sue; and, b) they did not state that FBCS could not sue to collect the debt. Defendants, by attempting to collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

30.     Defendants' violation of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

31.    Plaintiff, Lora Bicknell, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Kansas from whom Defendants attempted to collect a defaulted, time-barred consumer debt, allegedly owed for a Citibank account (i.e., where the date of last payment/statement is more than 7 years from the date of the letter), via the same form collection letter (Exhibit A), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

32.    Defendants regularly engage in debt collection, using the same form collection letter they sent Ms. Bicknell, in their attempts to collect defaulted consumer debts from other consumers.

33.    The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Bicknell.

34.    Ms. Bicknell's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

35.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual

members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

36.     Ms. Bicknell will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Bicknell has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Lora Bicknell, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff Bicknell as Class Representative of the Class, and her attorneys as Class Counsel;

3.     Find that Defendants' form collection letter violates the FDCPA;

4.     Enter judgment in favor of Plaintiff Bicknell and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lora Bicknell, individually and on behalf of all others similarly situated,

demands trial by jury.

<div style="margin-left: 50%;">

Lora Bicknell, individually and on
behalf of all others similarly situated,

By:/s/ Ryan M. Callahan _____ \_
One of Plaintiff's Attorneys

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

</div>

Dated:  July 19, 2019

Ryan M. Callahan    (# 25363)
James R. Crump    (#78704)
Callahan Law Firm, LLC
222 West Gregory
Suite 210
Kansas City, Missouri 64114
(816) 822-4041
ryan@callahanlawkc.com
james@callahanlawkc.com

David J. Philipps      (Ill. Bar No. 06196285)(Pro hac vice pending)
Mary E. Philipps      (Ill. Bar No. 06197113)(Pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com